

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2006

# Browne v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3162

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Browne v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3162
_____

MARLON BROWNE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
Immigration Judge Walter A. Durling
(Agency No. A43 577 406)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed January 9, 2006)

_____

OPINION

_____

PER CURIAM

Marlon Browne petitions for review of a final order of removal of the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Browne is twenty-four years old, and a native and citizen of Trinidad. He came to the United States in 1992 as an immigrant. In 2000, Browne pled guilty in the Court of Common Pleas for Montgomery County, Pennsylvania to the charge of Possession with Intent to Deliver a Controlled Substance (Cocaine). Browne received a sentence of three to twenty-three months in prison.

The Bureau of Immigration and Customs Enforcement charged Browne with being subject to removal from the United States as an alien convicted of an aggravated felony, as defined in Section 101(a)(43)(B) of the Immigration and Nationality Act, and a violation of a law or regulation relating to a controlled substance. After a hearing, the Immigration Judge concluded that Browne committed an aggravated felony, and ordered his removal to Trinidad. In June 2003, the BIA affirmed, without opinion, the result of the Immigration Judge's decision, making it the final agency determination under the immigration regulations. 8 C.F.R. § 1003.1(e)(4).

In January 2005, Browne filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. The District Court stayed Browne's removal, and transferred the habeas petition to this Court to be treated as a petition for review pursuant to the Real ID Act, Pub. Law No. 109-13. We have

2

jurisdiction pursuant to Section 106(c) of the Real ID Act. Our jurisdiction extends to questions of law raised upon a petition for review, including petitions for review of removal orders based on aggravated felony convictions. Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005).

In his habeas petition, Browne argues that he did not commit an aggravated felony because he did not spend more than one year in prison. The term "aggravated felony" is defined by statute, and includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). There are two tests for determining whether a state drug conviction constitutes an aggravated felony, neither of which considers an alien's term of imprisonment.

The first test tracks the statutory language "illicit trafficking in a controlled substance," and requires that (1) the offense is a felony under the law of the convicting sovereign; and (2) the offense must contain a "trafficking element," or the unlawful trading or dealing of a controlled substance. Gerbier v. Holmes, 280 F.3d 297, 313 (3d Cir. 2002). The second, called the "hypothetical federal felony" route, requires that the offense be analogous to an offense punishable under one of the federal acts specified in 18 U.S.C. § 924(c)(2) that constitutes a felony under federal law. Id. at 315. The Immigration Judge appears to have concluded that Browne's conviction constitutes an aggravated felony under both tests.

Applying the first test, Browne's offense is a felony under Pennsylvania law. Browne was convicted of violating 35 Pa. Stat. § 780-113(a)(30), which prohibits the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance. By statute, a person who violates this provision with respect to cocaine is guilty of a felony. 35 Pa. Stat. § 780-113(f)(1.1). In addition, Browne's crime by definition includes a trafficking element, satisfying the second requirement of the first test. Because Browne committed an aggravated felony under this approach, we need not address whether he satisfies the second test set forth in Gerbier.

Accordingly, we will deny the petition for review.[1]

---

[1]Browne also argues that his removal should be stayed because he is seeking to withdraw his guilty plea in state court based upon his attorney's failure to advise him of the immigration consequences of his plea. The fact that Browne is seeking relief in state court, however, does not warrant a stay.